UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>LAM LY, et al., )<br>Defendants. )<br>) | Criminal No. 13-40031-TSH |

## ORDER ON MOTION TO JOIN DISPOSITVE MOTIONS
## FILED BY CO-DEFENDANTS

June 2, 2014

Hennessy, M.J.

    The indictment in this criminal prosecution alleges that eight defendants conspired to manufacture and distribute marijuana, and committed other related offenses. Referred to this Court are motions by two of the defendants, Tam Pham (Docket 151) and Loc Mai (Docket 153). Each moves to join the dispositive motions of the co-defendants. In support, each defendant argues that the indictment is based on a series of common facts, that the facts raise identical constitutional issues and, thus, the arguments Pham and Mai raise to suppress evidence would merely repeat the identical arguments made by their co-defendants, and that the interest of judicial economy is furthered by allowing the motions to join. Despite the appeal of these arguments in support of the motions to join, the motions are DENIED without prejudice to re-file.

    It is settled that a defendant has standing to challenge the admission of illegally obtained evidence only if the defendant's own constitutional rights were violated. See United States v. Salvucci, 448 U.S. 83 (1980). There, the Court said, "the values of the Fourth Amendment are

preserved by a rule which limits the availability of the exclusionary rule to defendants who have been subjected to a violation of their Fourth Amendment rights." Id. at 95. Thus, a defendant must show that he or she has a reasonable expectation of privacy that was violated by the challenged search. See Rakas v. Illinois, 439 U.S. 128, 133-34 (1978). Here, the generalized motions to join motions to suppress evidence filed by the co-defendants fail to make this showing.

Accordingly, I deny the motions, but do so without prejudice. Defendants are directed to specify which motion or motions each defendant seeks to join, and, as to each motion or motions that seeks to suppress evidence, to show that the challenged search violated his or her own fourth amendment rights. Statements by Pham or Mai made in this regard to show that she or he had a reasonable expectation of privacy that was violated by state action are not admissible during the government's case-in-chief. Simmons v. United States, 390 U.S. 377, 394 (1968).

Such motions and supporting evidence are due ten days from the date of this order.

                                        / s / David H. Hennessy
                                        David H. Hennessy
                                        United States Magistrate Judge